# UNITED STATES DISTRICT COURT
## District of Connecticut

### JUDGMENT IN A CRIMINAL CASE

| UNITED STATES OF AMERICA | Case No.: 3:25-cr-00061-SRU-1 |
|---|---|
| | USM No.: 03265-511 |
| V. | |
| | Nancy V. Gifford, Assistant U.S. Attorney |
| DARYL TODD | Allison Kahl, Defendant's Attorney |

The defendant pled guilty to a one-count Information.

Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Total Counts |
|---|---|---|---|
| Title 18, United States Code, §§ 2252A(a)(2)(B) and (b)(1) | Receipt of Child Pornography | March 7, 2024 | 1 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**
The defendant is ordered to be committed to the custody of the Federal Bureau of Prisons to be imprisoned for a period of 84 months on Count 1.

The sentence is a non-guideline sentence reflecting a number of factors including the defendant and government's plea agreement, the seriousness of the offense, Todd's personal history and characteristics, including his lack of criminal history, his expression of remorse for his wrongdoings, his mental health, and his alcohol and drug dependency at the time of the offense. Todd has been on supervision for a significant period of time, which is itself punitive, and during that time he successfully engaged in treatment and has maintained sobriety for a significant period of time. Further, the sentence reflects consideration of the Muzio factors, the impact on the victims, and Todd's low risk of recidivism. In sum, the sentence imposed is sufficient, but not greater than necessary, to serve the purposes of sentencing.

The defendant shall self-surrender directly to the facility designated by the Federal Bureau of Prisons no later than 12:00 p.m. on 1/7/2026 by his own arrangement and at his own expense. In the event the defendant does not receive designation by the Bureau of Prisons prior to the surrender date, the defendant must self-surrender to the United States Marshals Service.

**SUPERVISED RELEASE**
Upon release from imprisonment, the defendant shall be placed on Supervised Release for a term of 5 years on Count 1.

The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. You shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) and any state sex offender registration agency, in which you reside, work, are a student, or were convicted of a qualifying offense.

2. You shall participate in mental health treatment, with an emphasis on sex offender treatment, as approved by the United States Probation Office, and shall abide by the policies and procedures of the program, which may include polygraph testing. You shall pay all or a portion of the costs associated with treatment based upon your ability to pay as determined by the Probation Office.

3. You shall submit to periodic polygraph testing at the discretion of the Probation Office as a means to ensure that you are in compliance with the requirements of your supervision following the completion of a sex offender treatment program.

4. You shall not view, purchase, or possess any materials (including, but not limited to, pictures, photographs, books, writings, drawings, videos, or video games) depicting child pornography as defined in 18 U.S.C. § 2256(8).

5. You shall not have direct contact or knowingly communicate (including by telephone, text messaging, email, social media, mobile application, the Internet, or other electronic means) with any child you know or reasonably should know to be under the age of 18, without permission of the probation officer. The U.S. Probation Office, in consultation with appropriate child welfare agencies and/or treatment providers, and with the approval of the Court, will determine whether you may have such contact with your own children or relatives.

6. You shall provide the U.S. Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills, and credit card statements. The purpose of this condition is to ensure that you do not (i) purchase software, equipment, or services designed to block or circumvent the computer monitoring condition, (ii) purchase child pornography or access child pornography, or (iii) have contact with minors.

7. You shall avoid, and are prohibited from being in, places primarily used by children under the age of 18, such as schools, daycare facilities, playgrounds, and theme parks, unless prior approval has been obtained from the U.S. Probation Office.

8. You shall not associate or have contact with anyone you know or reasonably should know to be a convicted sex offender, or those identified as inappropriate by the U.S. Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, except as part of an approved counseling program.

9. You shall not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

10. You shall permit the U.S. Probation Office to install monitoring software on any and all electronic devices owned, controlled, or used by you, for the purpose of determining whether you are viewing or accessing child pornography, as defined in 18 U.S.C. § 2256(8) and/or whether you have been in contact with minors. You shall pay all or a portion of the costs associated with such monitoring based upon your ability to pay, as recommended by the U.S. Probation Office and approved by the Court. You shall not download, install, or utilize any application, software, or hardware that will prevent the U.S. Probation Office from monitoring such electronic devices.

This includes, but is not limited to, encryption, anonymity, or invisible mode software or devices, or dark web Internet browsers.

11. To ensure compliance with the preceding monitoring condition, you shall allow the U.S. Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these devices that the devices may be subject to review pursuant to this condition.

12. You shall consent to third-party disclosure to any employer or potential employer with the Court's approval, and community service site, or other interested party, as determined by the Probation Office, of any computer-related restrictions that are imposed.

13. You shall have no contact, direct or indirect, with MV1, MV2, or MV3 (collectively, the "Minor Victims") or any of their family members by any means, including in person or by telephone, mail, facsimile, text messaging, email, chat rooms, instant messaging, over the Internet, through social media, or through any other form of electronic communication. You shall permit the U.S. Probation Office to use monitoring software (described above) to determine whether you have been in contact with the Minor Victims.

14. You must pay any restitution that is imposed by this judgment, or by later restitution order, in a lump sum. If you are unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of not less than $200 per month or 10% of your gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on your ability to pay as determined by the probation officer and approved by the Court.

15. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The Probation Office may share financial information with the U.S. Attorney's Office.

16. You must participate in a program recommended by the Probation Office and approved by the Court for inpatient or outpatient substance abuse treatment and testing. You must follow the rules and regulations of that program. The probation officer will supervise your participation in the program. You must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court.

17. You must participate in a program recommended by the Probation Office and approved by the Court for inpatient or outpatient mental health treatment and testing. You must follow the rules and regulations of that program. The probation officer will supervise your participation in the program. You must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court.

18. You must complete 200 hours of community service. The probation officer will supervise the participation in the program by approving the program (agency, location, frequency of participation, etc.). You must provide written verification of completed hours to the probation officer.

**CRIMINAL MONETARY PENALTIES**

participation, etc.). You must provide written verification of completed hours to the probation officer.

**CRIMINAL MONETARY PENALTIES**
The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

|  |  |
|---|---|
| **Special Assessment:** | $100.00 to be paid to the Clerk of the Court immediately |
| **Fine:** | Waived |
| **Restitution:** | To be determined |
| **Forfeiture:** | *See* Final Order of Forfeiture (doc. no. 99) |

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are paid.

**JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS**
The Court recommends that Todd be designated to FMC Devens. If a designation to FMC Devens is not available, the Court recommends Todd be designated to FCI Danbury or another low security/non-administrative facility as close as possible to Connecticut. The Court further recommends that Todd be evaluated and treated for his mental health issues, that he be permitted to apply to the RDAP program, and that he be permitted to participate in vocational programs.

Date of Imposition of Sentence: November 5, 2025

Stefan R. Underhill, United States District Judge

Date: November 12, 2025

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following Mandatory Conditions are imposed as set forth by U.S.S.G. § 5D1.3(a):**

### MANDATORY CONDITIONS
(select all that apply)

(1) ■ You shall not commit another federal, state or local offense (*see* 18 U.S.C. § 3583(d)).

(2) ■ You shall not unlawfully possess a controlled substance (*see* 18 U.S.C. § 3583(d)).

(3) ☐ You shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of your legal residence (*see* 18 U.S.C. § 3583(d)).

(4) ■ You shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of your release on supervised release and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse (*see* 18 U.S.C. § 3583(d)).

(5) ☐ You shall adhere to an installment schedule to pay any fine imposed by this judgment (*see* 18 U.S.C. § 3624(e)).

(6) ■ You shall ■ (A) make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution; and ■ (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (*see* 18 U.S.C. § 3572(d)), the defendant shall adhere to the schedule.

(7) ■ You shall register under the Sex Offender Registration and Notification Act and comply with the requirements of that Act (*see* 18 U.S.C. § 3583(d)).

(8) ■ You shall submit to the collection of a DNA sample at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

### STANDARD CONDITIONS OF SUPERVISED RELEASE

As part of your Supervised Release, you must comply with the following standard conditions of supervision as set forth by U.S.S.G. § 5D1.3(b)(2). These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

A. You shall report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

B. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you shall report to the probation officer, and you shall report to the probation officer as instructed.

D. You shall answer truthfully the questions asked by your probation officer.

E.  You shall live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
F.  You shall allow the probation officer to visit you at any time at your home or elsewhere, and you shall permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
G.  You shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you shall try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
I.  If you are arrested or questioned by a law enforcement officer, you shall notify the probation officer within 72 hours.
K.  You shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
M.  You shall follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of Supervised Release/Probation, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
         Defendant                                                    Date

         _____          _____
         U.S. Probation Officer/Designated Witness                    Date

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ . with a certified copy of this judgment.

                                                  _____
                                                        United States Marshal

                                           By     _____
                                                     Deputy United States Marshal